———o———

No. 4615.

(Court of Appeal, Parish of Orleans.)

HENRY AYMANI VS. FRANK RUSSO.

1. The owner of an anifal is responsible for the damage he has caused and the burden is on the owner to prove that he was without fault, and did all that was possible to prevent the accident.
2. An owner, knowing he characer of he horse, uses him in frequened places, does so a his own risk; it is only where the happening could not reasonably be anticipated by him, that the risk may be said to be assumed by the public.
3. A motorneer is not guilty of negligence for failing to anticipate that a runaway horse and buggy without a driver and without lights will run across the car tracks.

Appeal from Civil District Court, Division "C."

A. J. Peters, for Plaintiff and Appellant.

B. R. Forman, for Defendant and Appellee.

DUFOUR, J. Plaintiff, a motorneer on the Magazine Street line of cars, sues for damages for personal injuries through the running into the platform of his car of a runaway horse, belonging to the defendant.

—169—

There is no dispute as to the facts that the horse ran into the car and that the motorneer was injured.

Defendant says that he was driving his horse in a buggy on Third, near Baronne, at a slow trot, when a Henry Clay Avenue car came up Baronne Street so fast as to strike the wheel of his buggy and to knock him down, and the horse then ran away.

He then makes the following statement which, on its face, even without further evidence, is sufficient to convict him of negligence.

"This is a narrow street, and I was going out to the river and the car came along, and I didn't see the car at all until he was right pretty near even with the corner, and I was ten or fifteen feet from the car, and I could not stop my horse; if I stopped my horse, the car would roll over me."

The evidence satisfies us that the car was not running at a high rate of speed, and that it had nearly stopped when the horse dashed across the track; this is shown by the fact that the car was stopped at the corner.

The conductor and motorneer both say that the car was moving slowly, and that when defendant saw the car he tried to hold back his horse, but that, as soon as the animal saw the headlight, he became frightened and uncontrollable and dashed across the track, knocking the headlight and throwing his driver.

One of the witnesses states that defendant said: "I can't slack up, the horse is green," and others say that there was no light on the vehicle.

Neither statement was contradicted by Russo.

It is clear that Russo must have known the character of his horse, and that he was negligent in driving so close to the track without taking the usual necessary precautions of stopping, looking and listening.

These circumstances bring this case within the scope of the doctrine in the Zambelli case, 115 La. 483, and Damont case, 118 La. 531, in which the owner was held responsible.

The plaintiff who was injured cannot be charged with negligence for having failed to anticipate that a runaway horse would crash into his car at a distance of more than seven blocks from the spot whence he started.

The items of damage claimed are for loss of time from work,

physician's bill, drug bill, damage to uniform and pain and suffering.

The injuries were not serious, but very painful, and the plaintiff was kept at home, or at least from work, for more than three weeks.

We think an award of $200 will do substantial justice.

Judgment reversed and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Henry Aymami, and against defendant, Frank Russo, in the sum of two hundred dollars ($200) with legal interest from the date of this decree and costs of suit in both courts.

February 24, 1909.

Rehearing refused March 8, 1909.

Writ refused by Supreme Court, March 31, 1909.